UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE PRICE, JR.**                                              **CIVIL ACTION**

**versus**                                                                  **NO. 12-2285**

**STATE OF LOUISIANA**                                     **SECTION "C" (3)**

ORDER AND REASONS

This matter is before the Court on a petition filed by Willie Price Jr., seeking relief pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and supplements that Report and Recommendation with this Order and Reasons. Rec. Doc. 14. Therefore, this Petition for Habeas Corpus is DISMISSED WITH PREJUDICE.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Willie Price ("Petitioner") is a prisoner of the state of Louisiana., confined at the Louisiana State Penitentiary in Angola, Louisiana. Rec. Doc. 14 at 1. He has been convicted of attempted second degree murder and attempted simple robbery. *Id.* at 1-2. He was found to be a third time offender, and is now serving a sentence of life imprisonment for the first charge and seven years for the second. *Id.* at 2. The Louisiana Fourth Circuit Court of Appeal affirmed his convictions, and he did not seek review of that decision by the Louisiana Supreme Court. *Id.* at 2. He sought post-conviction relief in the state courts based on "newly-discovered evidence." *Id.*

Those efforts failing, Petitioner timely filed the instant petition for federal *habeas corpus*

relief. *Id.* at 1. Petitioner sought *habeas corpus* relief on three grounds. Rec. Doc. 14 at 13-15. First, he claimed new evidence could prove his actual innocence. *Id.* at 13. Next, he claimed there was an error in the post-conviction proceedings when the state court failed to grant him a new trial. *Id.* at 14. Lastly, Petitioner claimed the state convicted him on the basis of insufficient evidence. *Id.* at 15. This Court referred the matter to the United States Magistrate Judge, who determined that an evidentiary hearing was unnecessary, and recommended that the matter be dismissed with prejudice. *Id.* at 1. The Petition is now before the Court for final consideration.

## SUPPLEMENTAL ANALYSIS

### A. Standard of Review

As stated by the Magistrate Judge, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) comprehensively overhauled federal habeas corpus regulation. Most importantly, as the Magistrate Judge stated, the AEDPA articulates specific standards of review for questions of law, fact, and mixed questions of both law and fact. Rec. Doc. 14 at 3; 28 U.S.C. § 2554 (d)(1) and (2). Petitioner's objections present both questions of law and mixed questions of law and fact. As to these types of claims, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Rec. Doc. 14 at 4; 28 U.S.C. § 2254 (d)(1); *see also Hulin v. Cain,* No. 05-6300, 2006 WL 1235922, at *9-10 (E.D. La. May 5, 2000) (finding that questions of law and mixed questions of law and fact are reviewed under § 2254 (d)(1)). The Court shall address Petitioner's objections to the United States Magistrate Judge's recommendation on each of his three claims in turn.

### i. Actual Innocence on the Basis of New Evidence

Petitioner's objections to the Magistrate Judge's findings on the "new evidence" claim center

2

around the mistaken assumption that new evidence not previously presented at trial entitles one to habeas corpus relief. Rec. Doc. 15 at 3-4. However, the Magistrate Judge correctly noted that this is not a claim upon which federal habeas corpus relief can be granted. Rec. Doc. 14 at 13. Federal habeas corpus relief requires an underlying constitutional violation during the state court trial proceeding, not just a claim of actual innocence. *Herrera v. Collins,* 506 U.S. 390, 416-17, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993); *see also Moore v. Dempsey,* 261 U.S. 86, 87-88, 43 S. Ct. 265, 67 L. Ed. 543 (1923) (finding that the purpose of federal habeas relief is to not determine innocence or guilt, but rather to determine if the prisoner's constitutional rights have been preserved); *Hulin,* 2006 WL 1235922, at *9-10 (finding that a claim of actual innocence is not a constitutional violation, but rather a basis upon which an otherwise improper habeas corpus petition could possibly be reviewed). The Magistrate Judge properly found that the correct remedy for newly discovered evidence proving actual innocence is executive clemency, not federal habeas corpus relief. Rec. Doc. 14 at 14; *Herra,* 506 U.S. at 417; *see also Hulin,* 2006 WL 1235922 at *10 (finding that executive clemency is the traditional remedy for claims of actual innocence based on new evidence). Therefore, Petitioner's claim for habeas corpus relief on the basis of actual innocence as proven by new evidence is DENIED.

### ii. Post-Conviction Proceedings

While voicing his objections, Petitioner once again raises the issue of the state's failure to grant him a new trial. Rec. Doc. 15 at 5. He objects to the failure to grant a new trial as a deprivation of his constitutional rights. *Id.* However, as correctly found by the Magistrate, federal habeas corpus relief is not proper for errors in post-conviction state court proceedings. Rec. Doc. 14 at 26; *Kinsel v. Cain,* 647 F.3d 265, 273 (5th Cir. 2011) (finding that a federal appellate court is without jurisdiction to review the constitutionality of petitioner's state post-conviction proceedings); *see also*

*Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997). The Court is bound by the AEDPA, which prevents this Court from reviewing the constitutionality of Petitioner's Louisiana post-conviction proceedings. *Kinsel,* 647 F.3d at 265. Therefore, Petitioner's claim for habeas corpus relief on the grounds of Louisiana's failure to grant him a new trial is DENIED.

### iii. Insufficient Evidence

Petitioner objects to the Magistrate Judge's findings on two main grounds. Rec. Doc. 15 at 4, 6. First, Petitioner objects to the Magistrate's finding that a rational juror could have found him guilty beyond a reasonable doubt. *Id.* at 4. However, as the Magistrate Judge correctly found that under the proper standard for sufficiency of evidence claims, *Jackson v. Virginia*, a rational trier of fact could have found Petitioner guilty of the crimes for which he was charged. Rec. Doc. 14 at 20; 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The decision by the state court must be rational, and a disagreement about the correctness of that decision is not enough for a federal court to overturn the State court's conviction. Rec. Doc. 14 at 20; *Herrera,* 506 U.S. at 402. As the Magistrate Judge correctly found, the State court was presented with evidence of a stabbing with no evidence that the victim approached Petitioner. Rec. Doc. 14 at 17. Certainly a rational juror could have found that Petitioner committed the offenses he was charged with.

Next, Petitioner objects to the Magistrate's finding that the claim had not been exhausted with appropriate state court remedies. *Id.* at 6. However, the Magistrate Judge correctly found that Petitioner failed to exhaust this claim when he failed to appeal the verdict of the Louisiana Fourth Circuit Court of Appeal to the Louisiana Supreme Court. Rec. Doc. 14 at 15; *see also Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Morris v. Cain,* 186 F.3d 581, 584 (5th Cir. 1999) (finding that a full adjudication of petitioner's claims in state court is a prerequisite for the application of AEDPA's review provisions); *Hulin,* 2006 WL 1235922 at*1

(finding that a petitioner generally must exhaust all of his state claims before filing a federal habeas petition). Therefore, as correctly stated by the Magistrate Judge, this Court is precluded from granting relief based on the merits of this claim because the substance of the claim has not been presented to the State's highest court. Rec. Doc. 14 at 15; *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999).

### **III. NEW CLAIMS RAISED AS OBJECTIONS**

In voicing his objections to the United States Magistrate Judge's Recommendation, Petitioner also attempted to bring three new claims– unconstitutional sentence, unconstitutional application of an ex post facto law, and ineffective assistance of counsel. Rec. Doc. 15 at 5,15.  Like the previous claim for insufficient evidence, these claims have not been properly exhausted. The exhaustion requirement is only fulfilled when the substance of the claim has been presented to the highest State court. *Mercadel,* 179 F.3d at 275. Therefore, even if these claims were procedurally proper instead of raised as objections, this Court is barred from ruling on their merits. *Id.*

If Petitioner were to choose to bring these claims again, they would be successive habeas petitions, which are typically barred under AEDPA. *Kinsel,* 647 F.3d at 269. However, AEDPA allows for successive habeas petitions when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts would "be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable jury would have found the applicant guilty of the underlying offense." *Id.* quoting 28 U.S.C. § 2554 (b)(2)(B)(ii). This is known as the actual innocence exception, and allows a petitioner to argue the merits of his habeas claim if he, by clear and convincing evidence, establishes that but for the constitutional error, the outcome of the trial would have been different. *Id.* Before a new petition could be considered on the merits by this District Court, the petitioner would have to obtain authorization to file a second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie

showing that the above requirement was met or that the claim relied upon a new rule of law made retroactive to cases on collateral review by the United States Supreme Court. 28 U.S.C. § 2244(b)(3)(A).

## IV. ADDITIONAL MOTIONS

Petitioner has also moved to stay this motion based on his application for clemency. Rec. Doc. 17. Petitioner applied for clemency to the Louisiana Board of Pardons on June 20, 2013. *Id.* The application is a separate proceeding, before a different sovereign, and is not determinative of the outcome in this case. Therefore, it does not merit a stay in this case. FED.R.CIV.P. 62(b). Petitioner has also moved for a Certificate of Appealability. Rec. Doc. 16. Petitioner has not made a showing of a violation of a Constitutional Right, and therefore that motion is DENIED.

Accordingly,

IT IS ORDERED that the petition for habeas corpus relief is DENIED. Rec. Doc. 1.

IT IS FURTHER ORDERED that the motion to stay is DENIED. Rec. Doc. 17.

IT IS FURTHER ORDERED that the motion for Certificate of Appealability is DENIED. Rec. Doc. 16.

New Orleans, Louisiana, this 19th day of August, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**